No. 19-7114

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

STEVEN BLACKWELL,
*Defendant/Appellant*

————————————

On Appeal from the United States District Court
for the District of Maryland, Northern Division
(The Honorable James K. Bredar)

————————————

BRIEF OF APPELLANT

————————————

<div style="margin-left:40%">

JAMES WYDA
Federal Public Defender
District of Maryland

SAPNA MIRCHANDANI
Appellate Attorney
6411 Ivy Lane, Suite 710
Greenbelt, MD  20770
(301) 344-0600

*Counsel for Appellant*

</div>

_____

# TABLE OF CONTENTS

Table of Authorities ................................................................... i

Jurisdictional Statement ........................................................... 1

Issues Presented ...................................................................... 2

Statement of Facts ................................................................... 4

Summary of Argument ............................................................ 11

Standard of Review ............................................................... 13

Argument ................................................................................ 14

I.   The District Court Was Required to Consider Evidence Relevant
     to the § 3553(a) Sentencing Factors in Determining Whether to
     Reduce Mr. Blackwell's Sentence Under § 3582(c)(2) ................... 14

II.  The District Court Abused Its Discretion by Neglecting to
     Consider Evidence Relevant to the § 3553(a) Sentencing
     Factors ............................................................................. 19

III. The District Court Abused Its Discretion by Basing Its Denial on
     Unknown "Circumstances Agreed by the Parties at the Time of
     Conviction" ...................................................................... 23

Conclusion ............................................................................ 25

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

## Cases

*Chavez-Mesa v. United States*, __ U.S. __, 138 S.Ct. 1959 (2018)..... 15,16

*Dillon v. United States*, 560 U.S. 817, 826 (2010) ........................ 14,15,17

*Hughes v. United States*, __ U.S. __, 138 S.Ct. 1765 (2018)............. 2,6,24

*Koon v. United States*, 518 U.S. 81 (1996) ............................................. 13

*Pepper v. United States*, 562 U.S. 476, 491 (2011) ................................ 22

*United States v. Hardy*, 665 Fed. Appx. 268 (4th Cir. 2016)........ 16,19,23

*United States v. Legree*, 205 F.3d 724 (4th Cir. 2000)............................ 16

*United States v. Martin*, 916 F.3d 389 (4th Cir. 2019)................... *passim*

*United States v. McKenzie*, 318 Fed. Appx. 202 (4th Cir. 2009)............. 16

*United States v. Smalls*, 720 F.3d 193 (4th Cir. 2013)........................... 16

## Statutes, Rules, and Sentencing Guidelines

18 U.S.C. § 3231 ....................................................................................... 1

18 U.S.C. § 3553(a).......................................................................... *passim*

18 U.S.C. § 3582(c)(2) ..................................................................... *passim*

18 U.S.C. § 3742 ....................................................................................... 1

28 U.S.C. § 1291 ....................................................................................... 1

ii

Federal Rule of Criminal Procedure 11(c)(1)(C) ............................ 4,6,24

U.S.S.G. § 1B1.10 ................................................................. 15

U.S.S.G. App. C, Amend. 782......................................... *passim*

No. 19-7114

———————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

STEVEN BLACKWELL
*Defendant/Appellant*

———————————————

On Appeal from the United States District Court
for the District of Maryland, Northern Division

———————————————

BRIEF OF APPELLANT

———————————————

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this federal criminal cases pursuant to 18 U.S.C. § 3231. The court entered an order denying Appellant Steven Blackwell's motion for a reduced sentence on July 19, 2019. J.A. 184. Mr. Blackwell timely filed a notice of appeal on July 31, 2017. J.A. 185. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

1

## ISSUES PRESENTED

On January 20, 2012, Steven Blackwell received a 240-month sentence pursuant to a plea agreement in a drug conspiracy case. After the Sentencing Commission and Congress approved Amendment 782 and the Supreme Court decided *Hughes v. United States*, 138 S. Ct. 1765 (2018), Mr. Blackwell filed a motion for a sentencing reduction under these authorities, seeking a sentence of 210 months, the low-end of the now-applicable guideline range. In support of this request, Mr. Blackwell noted that: 1.) he was incarcerated at the lowest security classification in the Bureau of Prisons, a minimum security camp where he was permitted to go outside of the confines of the facility, even though his release date was not until 2028; 2.) his counselor and case manager sang his praises, describing him as a model inmate whom they enlisted to help with inmates in higher security facilities; 3.) he had earned his GED while incarcerated and taken advantage of numerous programming opportunities; 4.) he worked as an orderly and a maintenance worker and had paid off all court-ordered assessments; 5.) he had strong family support and was also co-parenting a nine-year old son; 6.) even with the

requested reduction, he would still be incarcerated at the minimum security camp until the fall of 2025, after which time he would serve several years on supervised release; and 7.) defendants similarly situated nationwide and districtwide were granted the sentencing reduction under Amendment 782.

In a one-sentence order, the court — which was not the original sentencing court — denied the motion, stating: "Exercising its discretion, and in consideration of the full scope of the record, particularly the circumstances agreed by the parties at the time of the conviction, and viewing all of this through the lens of the § 3553(a) factors, the motion is DENIED." The district court did not acknowledge any of Mr. Blackwell's arguments in support of his sentencing reduction motion nor did the court indicate what the "circumstances" to which it was referring in its order were.   Did the court understand that addressing the § 3553(a) factors was mandatory, and did the court abuse its discretion by denying Mr. Blackwell relief without addressing any of the compelling factors that supported a reduction?

3

# STATEMENT OF FACTS

## A.    The Underlying Offense and Plea Agreement

Mr. Blackwell was charged in a three-count superseding indictment with conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 (Count One); conspiracy to launder money in violation of 18 U.S.C. § 1956(h) and conspiracy to impede, impair, obstruct a lawful government function, to wit: the ascertainment, computation, assessment and collection of taxes in violation of 18 U.S.C. § 371. The parties, pursuant to Rule of Criminal Procedure 11(c)(1)(C), entered into a plea agreement under which Mr. Blackwell would plead guilty to the three counts. J.A. 21. The parties further agreed that a sentence of 240 months on Counts One and Two with a concurrent sentence of 60 months on Count Three was the appropriate sentence in the case. J.A. 27.

Several paragraphs of Mr. Blackwell's plea agreement were devoted to a recitation of how the sentencing guidelines provided a framework for analyzing the appropriateness of the sentence. Paragraph 5, entitled "Advisory Sentencing Guidelines Apply" explains how the court must determine a guidelines range for the case; Paragraph 6,

4

entitled "Factual and Advisory Guidelines Stipulation" includes a statement of facts and sets forth the various guidelines that apply, noting that the base offense level for Count One under the drug guideline, § 2D1.1(c)(3) was a level 38 based on the amount of narcotics reasonably foreseeable to the conspiracy charged, more than 30 kilograms of heroin. J.A. 24-26 (This level is now, and has been since 2014, a level 36). A supervisory enhancement of four levels was added under § 3B1.1(b), resulting in an offense level of 42. J.A. 26-27.

The offense level for Count Two was derived from Count One. J.A. 27. Like Count One, a four-level supervisory enhancement was added to the base offense level of 38. J.A. 27.  As to Count Three, the parties agreed that the base offense level was 10 pursuant to § 2T1.1(a)(2). J.A. 27. In addition, the agreement authorized the Government to make a two or three level reduction for acceptance of responsibility under § 3E1.1. J.A. 27.

## B.    Re-arraignment and Sentencing

At Mr. Blackwell's re-arraignment, the court reviewed the entire plea agreement with him, including the portions tying the drug amount

involved in his case to a level 38, the level in effect at the time. J.A. at 34-56. At sentencing, the court adopted the pre-sentence report, which mirrored the guideline findings in the plea agreement, and imposed a sentence of 240 months on Counts One and Two, and 60 months concurrent on Count Three, in accordance with the plea agreement. J.A. at 61-62.

### C. Motion for Sentence Reduction Under 18 U.S.C. § 3562(c)(2) and Amendment 782

On April 30, 2014, the Sentencing Commission submitted to Congress Amendment 782 to the federal sentencing guidelines governing drug trafficking offenses. The amendment reduced the base offense level for these offenses by two levels. On July 18, 2014, the Commission voted to give retroactive effect to Amendment 782, so that individuals serving sentences could benefit from the reduced sentences called for by the guidelines. Congress approved of the amendment which went into effect on November 1, 2014.

The Supreme Court subsequently issued its opinion in *Hughes v. United States*, __ U.S. __, 138 S.Ct. 1765 (2018), which held that defendants who entered into plea agreements under Rule 11(c)(1)(C)

6

were eligible for relief under Amendment 782 if their sentences were "based on" the drug guidelines. Under these authorities, Mr. Blackwell filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)[1] based on Amendment 782. J.A. 16-20. The judge who accepted the plea and imposed the sentence had retired and the case was reassigned to a new judge.

In his motion, Mr. Blackwell noted that at the time of his sentencing, the applicable guideline range was 262 to 327 months (corresponding to an offense level 39/criminal history category I). J.A. 19. Under Amendment 782, his applicable guideline range became 210 to 262 months (corresponding to an offense level 37/criminal history category I). J.A. 19. Though he received a below-guideline sentence at his original sentence (240 months), he was limited under Amendment 782 to asking for a sentence no lower than the bottom of the new guideline range, in his case, 210 months. J.A. 19.

---

[1] Section 3582(c)(2) authorizes a court, after considering the sentencing factors set forth in § 3553(a), to reduce a term of imprisonment in the case of a defendant whose sentence was "based on a sentencing range that has been subsequently lowered by the Sentencing Commission. . . ."

In support of the 210-sentence (a thirty-month reduction), Mr. Blackwell detailed his post-sentencing conduct. Specifically, Mr. Blackwell: 1.) obtained his GED and had taken advantage of numerous programming opportunities; 2.) received rave reviews from his Bureau of Prisons case managers and counselors who described him as a model inmate; 3.) was housed, based on his good conduct, in the lowest security classification available in the Bureau of Prisons, a minimum security camp, and enjoyed an "out" custody status, meaning that he was permitted to go outside the perimeter of the facility, even though his release date was not until 2028; 4.) had been employed as an orderly and paid-off all his court-ordered assessments; 5.) had strong family support, including from his father who turned his life around from someone who had himself served a drug trafficking sentence, to someone who had his supervise release terminated early for his exceptional behavior and now had a supervisory role at his job; and 6.) would still have to serve his sentence until 2025 even with the requested 30-month reduction; and 7.) the overwhelming majority of defendants nationwide and districtwide had received sentencing reductions under Amendment 782, even

8

defendants with far more serious criminal histories and whose post-sentencing conduct was not as stellar as Mr. Blackwell. J.A. 18-19, 84.

In response to Mr. Blackwell's motion, the Government agreed that Mr. Blackwell was legally eligible a sentencing reduction under Amendment 782 as the applicable guideline range had been reduced. J.A. 75. However, the Government argued that the court should exercise its discretion and deny relief because he "remains a danger to society and presents a serious threat to the safety of the public." J.A. 80. It stated that Mr. Blackwell had received two infractions years before that it claimed were violent. It did not address the Bureau of Prisons' employees' opinions to the contrary. In addition, in opposing the motion, the Government offered a different version of events than it offered in the plea agreement, re-arraignment, and sentencing, and claimed that the defendant led a "murderous vendetta." J.A. 80.

In reply, Mr. Blackwell countered the Government's arguments, pointing out this its incendiary "murderous vendetta" language found no support in the record and that the prosecutor overseeing the plea and sentencing was given every opportunity to correct the pre-sentence report

9

and/or the plea agreement, a document the government drafted or share this information with the court. J.A. 84. Mr. Blackwell further noted that the parties agreed to a sentence below the applicable guideline range at sentencing, which is an odd agreement for someone who was credibly believed to have led a murderous vendetta. J.A. 85. Furthermore, both an FBI press release and a newspaper article cited by the Government were careful to point out that Mr. Blackwell was not charged with any violence nor did they attribute any violence to Mr. Blackwell (other than mentioning that Mr. Blackwell, himself was shot at a cookout). J.A. 85.

In support of the public safety factor, Mr. Blackwell updated the court with information that he had been transferred to another minimum custody facility, where he quickly got a job as a maintenance worker. J.A. 84. Based on his good behavior, he remained in "out" custody status. J.A. 84. In addition, Mr. Blackwell noted that the Bureau of Prisons' employees in his new location enlisted his help when the nearby higher-security facility was on lockdown. J.A. 84. Mr. Blackwell also pointed out the overwhelming number of similarly-situated defendants nationwide and districtwide had received reduced sentences under Amendment 782,

10

and he, too, was worthy of being sentence in accordance with the now-applicable law. J.A. 85-86.

Two days after Mr. Blackwell filed his reply, the court denied his motion for a sentence reduction in a one-sentence order, stating: "Exercising its discretion, and in consideration of the full scope of the record, particularly the circumstances agreed by the parties at the time of the conviction, and viewing all of this through the lens of the § 3553(a) factors, the motion is DENIED." J.A. 88.

This appeal followed.

## SUMMARY OF ARGUMENT

The court recently re-affirmed in *United States v. Martin*, 916 F.3d 389 (4th Cir. 2019) that a district court's consideration of the familiar § 3553(a) sentencing factors is mandatory, not optional, in ruling on a sentencing reduction motion under § 3582(c)(2), the provision that authorizes a court to sentence a defendant in accordance with a guideline amendment. The district court did not recognize this. In this case, Mr. Blackwell provided the court with a multitude of reasons why his post-sentencing conduct warranted a reduced sentence under § 3582(c)(2)

11

based on Amendment 782, which, in 2014 reduced the offense levels in drug trafficking cases by two levels. All of Mr. Blackwell's arguments related to the § 3553(a) sentencing factors: he highlighted his placement by the Bureau of Prisons in a minimum-security facility where he was permitted to go outside the confines of the prison, the rave reviews he received from his Bureau of Prisons' counselors and case managers, his supportive family network, his decision to take advantage of numerous programming opportunities, including obtaining his GED, his work history, and the fact that similarly situated defendants districtwide and nationwide had received sentence reductions under the authority of Amendment 782. The court denied Mr. Blackwell's motion in a one-sentence order, declining to address or acknowledge any of his arguments, giving rise to doubt that the court understand its obligations to address Mr. Blackwell's arguments.

Even if the court understood its obligations, its one-sentence order was inadequate to justify the denial of his sentencing reduction motion. Under Supreme Court and Fourth Circuit precedent, the district court was required to explain why Mr. Blackwell's arguments were unavailing.

12

The court seized on the "circumstances agreed by the parties at the time of conviction" as a basis upon which to deny relief, but did not articulate what those circumstances were. The district judge who denied the sentencing reduction motion was not the same judge who presided over the plea and sentencing, so he could not have had any pre-existing knowledge of the case. A review of the record would not have justified denial of the relief sought since Mr. Blackwell was asking the district court to weigh his post-sentencing conduct against the information before the court during his plea and sentencing. The district court's failure to conduct any analysis of Mr. Blackwell's arguments as they related to the sentencing factors constituted an abuse of discretion.

## STANDARD OF REVIEW

This Court reviews a district court's decision to grant or deny a sentence reduction motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). Nevertheless, the question of "whether a court ruling on a motion to reduce under § 3582(c)(2) must provide an individualized explanation is considered *de novo*" on appeal. *Id.* (citation omitted). An error of law is

per se an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100 (1996).

## ARGUMENT

I.    **The District Court Was Required to Consider Any Applicable § 3553 Sentencing Factors in Determining Whether to Reduce Mr. Blackwell's Sentence.**

Consideration of the § 3553(a) factors is mandatory, not optional, in ruling on a sentencing reduction motion under § 3582(c)(2). This statutory sentencing reduction provision authorizes a district court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The Supreme Court has set forth a two-step process for determining whether, and to what extent, a reduction is authorized under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

In the first step, "the court is required to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010). "[S]ection

14

1B1.10(b)(1) requires the court to begin by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Martin*, 916 F.3d at 395 (citing *Dillon*, 560 U.S. at 827). In the second step, "the court is required to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted *in whole or in part* under the particular circumstances of the case." *Martin*, 916 F.3d at 395 (citing *Dillon*, 560 U.S. at 827)(emphasis added).

In *United States v. Chavez-Meza*, __ U.S. __, 138 S.Ct. 1959, 1965, the Supreme Court observed that the sufficiency of the district court's explanation will depend on the circumstances of the case, but that legal arguments in favor of § 3582(c)(2) reduction motions not available at the original sentencing may require more explanation than legal arguments that simply repeat arguments made at the original sentencing. This court's rulings even before *Chavez-Mesa* were consistent with this precept. In *United States v. Legree*, 205 F.3d 724, 730, this court noted that a defendant failed to overcome a presumption that the court

15

considered all relevant sentencing factors because "he pointed to no mitigating evidence which was not before the sentencing court." *See also United States v. Smalls*, 720 F.3d 193 (4th Cir. 2013). Notably, the sentencing courts in *Legree and Smalls*, unlike this case, were the same court to consider the sentencing reduction motion. In *Martin*, this court observed that "evidence of mitigating factors not available at the original sentencing has indeed been used to rebut the *Legree* presumption." 916 F.3d at 396 (citing *United States v. Hardy*, 665 F. App'x 268, 272 (4th Cir. 2016) and *United States v. McKenzie*, 318 F. App'x 202, 204 (4th Cir. 2009)). Consistent with Supreme Court and Fourth Circuit precedent, this court in *Martin* held that the district court "fail[ed] to give a sufficiently individualized explanation for why it chose to deny [the defendant's] sentencing reduction motion. 916 F.3d at 396.

The § 3553(a) sentencing factors that a court must consider include:

(i)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(ii)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public, and to provide the defendant with educational or vocational training and correctional treatment;

16

(iii)   the kinds of sentences available;

(iv)   the applicable guideline range;

(v)    any pertinent policy statement;

(vi)   the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (vii) the need to provide restitution to any victims of the offense.

Of course, in determining the appropriateness of a sentence in the § 3582(c)(2) context, a court is bound by the requirement that any sentence be "sufficient, but not greater than necessary" to achieve the goals of sentencing. 18 U.S.C. § 3553(a).

The district court erred in this case by not recognizing that it was required to perform the two-step process mandated by *Dillon*. Its failure to address any of the arguments made by Mr. Blackwell in support of his contention that a sentence of 210 months was sufficient, but not greater than necessary, to achieve the goals of sentencing, is further support that the court was not aware of its obligations when ruling on a sentencing reduction motion under Supreme Court and Fourth Circuit precedent. The court's use of the phrase "through the lens of the § 3553(a) factors" in its one-sentence order is not a substitute for actually addressing Mr.

17

Blackwell's arguments relevant to the § 3553(a) factors, particularly since Mr. Blackwell's arguments related to his post-sentencing conduct. Thus, any review of the prior record before the original judge would not have revealed any of these arguments. The requirement that the court explain its reasoning in ruling on sentencing reduction motion is not just for the parties' benefit; it is necessary for this court to perform its appellate review function. Orders such as the one in this case deprive this court of any meaningful review. Since this court cannot have any confidence that the district court recognized that it was required to address the § 3553(a) factors, it should vacate the court's order and remand for re-sentencing.

18

## II.    The District Court Abused Its Discretion by Neglecting to Consider Evidence Relevant to the § 3553(a) Sentencing Factors

Even if the district court was aware that consideration of the § 3553(a) factors was mandatory, its explanation in its one-sentence denial was woefully inadequate. It needed to make clear on the record that it considered all of the relevant sentencing factors and policy statements. This court cannot presume that it did so here.

As is plain from this court's precedent, when a defendant presents new or mitigating evidence in a § 3582(c)(2) motion, the district court must thoroughly analyze the evidence. It need not be lengthy, but it cannot be nonexistent. In *United States v. Hardy*, 665 Fed. Appx. 268 (4th Cir. 2016), the defendant submitted evidence of his institutional record, contended that his criminal history score was improperly calculated, and referenced disparate treatment as compared to a co-defendant. The district court granted the motion, in part, but did not reduce the sentence as low as it could have. This court vacated the order, noting that the court failed to consider the defendant's plausible arguments that related to the applicable sentencing factors.

19

Similarly, and more recently, in *Martin*, this court held that the district court did not adequately explain its reasoning in ruling on an § 3582(c)(2) motion. In *Martin*, the district court, "'after carefully weighing the § 3553(a) factors'" denied the defendant's sentencing reduction motion, because the defendant "'ran a large, multi-million-dollar, multi-jurisdiction drug operation, spanning Maryland, Virginia, and the District of Columbia and operated it for years. The seriousness of her actions and offenses cannot easily be overstated." 916 F.3d at 393. In holding that this reasoning was insufficient, this court noted that it did not "giv[e] weight to the multitude of redemptive measures" that the defendant had engaged in after her initial sentencing. *Id.* at 397. Under both Supreme Court and Fourth Circuit precedent, this court reiterated that, in ruling on sentencing reduction motions, [t]he district court must provide an individualized explanation for why [a defendant's] steps toward rehabilitation are meaningless."

Like the defendant in Martin, Mr. Blackwell provided the court with a host of redemptive measures that he had taken, many of which were similar to Ms. Martin's rehabilitative efforts: He received his GED, took

20

advantage of every programming opportunity he could, received rave reviews from Bureau of Prisons' employees responsible for evaluating his behavior, had remained steadily employed in Bureau of Prisons' facilities, and had paid off his court-ordered assessments. He was even in a lower-security facility, based on his good behavior, than the defendant in *Martin*. He also assisted Bureau of Prisons' employees when they needed reinforcements in the higher-security prison when it was on lockdown. Also like the defendant in Martin, he engaged in these rehabilitative efforts *before* there was even talk of reducing defendants' sentences by two offense levels. *See Gall v. United States*, 552 U.S. 38, 57 (2007)(noting that it is appropriate for a district court to place greater "weight" on a defendant's rehabilitative efforts before he had an incentive to do so).

In addition to the exhibits from the Bureau of Prisons, Mr. Blackwell also provided the court with a personal letter, as did numerous friends and family members about his rehabilitative efforts. He provided the court with information about how he co-parents his 9-year old son and how his son's life would be affected by the thirty-month reduction Mr.

21

Blackwell was seeking. Finally, he provided the court with the fiscal costs of incarceration (which, of course, go up as inmates age) as it was relevant to determining a sentence sufficient, but not greater than necessary to achieve any penal, deterrent, or rehabilitative sentencing goal. Cumulatively, his arguments touched upon every one of the sentencing factors that a court must consider under § 3553(a). *See Pepper v. United States*, 562 U.S. 476, 491 (2011) ("In assessing at least three of the Section 3553(a) factors, deterrence, protection of the public and rehabilitation . . . there would seem to be no better evidence than a defendant's post-incarceration conduct."). Furthermore, he pointed out how anomalous it would be to treat Mr. Blackwell differently than the hundreds of defendants districtwide and the thousands of defendants nationwide who have received sentencing reductions under Amendment 782, many of whom had lengthy and violent criminal records, but whose rehabilitative efforts were considered in the courts' decision to reduce their sentences. In the district court's denial of Mr. Blackwell's motion, it did not acknowledge any of these arguments. Failure to do so constituted reversible error. Mr. Blackwell respectfully requests this court to remand

so that the district court can explain its reasoning, for the benefit of the parties and for this court.

### III. The District Court Abused Its Discretion by Basing Its Denial on Unknown "Circumstances Agreed by the Parties at the Time of Conviction"

This Court cannot presume that the district court carefully weighed all the relevant § 3553(a) factors before denying Mr. Blackwell's motion for a reduced sentence. The court singled out "the circumstances agreed by the parties at the time of the conviction" as a reason to deny his sentencing reduction motion. This denial is problematic for two reasons, both of which are grounds to vacate the order. First, the "circumstances" are unknown. If the explanations in *Martin* and *Hardy* were insufficient, then this oblique reference cannot suffice as a justification for denying Amendment 782 relief.

Second, one of the "circumstances" agreed to by the parties was the offense level at the time of the plea agreement, re-arraignment and sentencing. This is undisputedly two levels lower than it is today. The plea agreement, re-arraignment transcript, sentencing transcript, and pre-sentence report are replete with references to the then-existing base

offense level – a level 38. It is now, and has been since 2014, a level 36.
Thus, the "circumstances agreed by the parties at the time of conviction"
support reducing Mr. Blackwell's sentence under Amendment 782, not
denying relief.

To be sure, in *Hughes*, the Supreme Court stated that a district
court can consider any benefits the defendant gained by entering into a
Rule 11(c)(1)(C) plea agreement when it determines whether "a reduction
is appropriate (or when it determines the extent of any reduction.)" 138
S.Ct. 1777.   But that does not mean a court can abandon its statutory
obligation under §§ 3582(c)(2) and 3553(a), and Supreme Court and
Fourth Circuit authority, to explain its ruling. Indeed, in *Hughes*, the
Court held that the defendant was eligible for relief under § 3582(c)(2)
and remanded for consideration of the § 3553(a) factors. *Id.* at 1778.
Moreover, in failing to explain its reasoning, neither the parties nor this
court can understand the district court's analysis regarding why a
sentence within the new range was inappropriate. The range under
Amendment 782 (and now), keeping everything else the same, is 210-262
months (corresponding to a final offense level 37/criminal history

category I). Given the fact Mr. Blackwell would still have to serve a substantial sentence even under the current law, and given the multitude of mitigating factors presented above, including the fact that the Bureau of Prisons deemed his threat to public safety to be non-existent since they placed him in "out" custody status, Mr. Blackwell requested the low-end sentence of 210 months. The court's one-sentence denial illuminates nothing about whether another point in the guideline range would be sufficient, but not greater than necessary, to achieve the goals of sentencing.   Therefore, this court should vacate the court's order and remand to the district court for further proceedings consistent with the law applicable to § 3582(c)(2) sentencing reduction motions.

## CONCLUSION

For the foregoing reasons, Mr. Blackwell respectfully requests that this Court vacate the district court's order denying his motion for reduced sentences under 18 U.S.C. § 3582(c)(2), and remand his cases to the district court for further proceedings consistent with its opinion.

Respectfully submitted this 23rd day of September, 2019.

25

JAMES WYDA
Federal Public Defender
District of Maryland


   /s/   Sapna Mirchandani
SAPNA MIRCHANDANI
Appellate Attorney
6411 Ivy Lane, Suite 710
Greenbelt, MD  20770
(301) 344-2318

*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

1.   This Brief of Appellants has been prepared using WordPerfect X4 software, Century Schoolbook font, 14 point proportional type size.

2.   Exclusive of the table of contents, table of authorities, and certificate of service, this brief contains no more than 4,573 words.

I understand that a material misrepresentation can result in this Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide a copy of the word or line print-out.

   09/23/19                        /s/ Sapna Mirchandani
Date                             Sapna Mirchandani

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Brief of Appellants was filed electronically via CM/ECF and that a hard copy of the same was sent via inter-office mail to:

> Ellen Cobb
> Special Assistant U.S. Attorney
> 6404 Ivy Lane, Suite 800
> Greenbelt, MD 20770

on this 23rd day of September, 2019.

    /s/ Sapna Mirchandani
Sapna Mirchandani