No. 19-7114

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**

**Appellee,**

**v.**

**STEVEN BLACKWELL**

**Appellant.**

---

*Appeal from the United States District Court for the
District of Maryland, Northern Division
The Honorable James K. Bredar, Chief District Judge*

---

**BRIEF OF APPELLEE
UNITED STATES OF AMERICA**

---

**Ellen Nazmy
Special Assistant United States Attorney**

**Lauren Konczos
Volunteer Student Law Clerk**

**6406 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
(301) 344-4126**

*Counsel for the Appellee*

# TABLE OF CONTENTS

STATEMENT OF THE CASE AND STATEMENT OF JURISDICTION.............1

STATEMENT OF THE ISSUE...................................................................2

STATEMENT OF FACTS .......................................................................2

SUMMARY OF ARGUMENT .................................................................5

STANDARD OF REVIEW.......................................................................6

ARGUMENT ...........................................................................................6

THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING
BLACKWELL RELIEF UNDER 18 U.S.C. § 3582(c)(2) .......................................6

    I.    A sentence reduction under § 3582(c)(2) is discretionary, and
the district court is presumed to have considered relevant
sentencing factors in reaching its decision ............................................6

    II.    The district court did not abuse its discretion when it denied
Blackwell's § 3582(c)(2) sentence reduction......................................17

CONCLUSION .....................................................................................21

STATEMENT REGARDING ORAL ARGUMENT ............................................22

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

## CASES

*Chavez-Meza v. United States*,
  138 S. Ct. 1959 (2018) ..........................................................6, 11, 13

*Dillon v. United States*,
  560 U.S. 817 (2010) ...................................................................5, 7, 9

*Hughes v. United States*,
  138 S.Ct. 1765 (2018) .....................................................................3, 4

*Pepper v. United States*,
  562 U.S. 476 (2011) .......................................................................8, 15

*United States v. Booker*,
  543 U.S. 220 (2005) ...........................................................................7

*United States v. Cooper*,
  2017 WL 437698 (4th Cir. 2017)....................................................18

*United States v. Davis*,
  53 F.3d 638 (4th Cir. 1995)......................................................10, 19

*United States v. Hardy*,
  665 F. App'x 268 (4th Cir. 2016) ...........................................13, 14

*United States v. Jackson*,
  410 Fed. Appx. 706 (4th Cir. 2011) .................................................9

*United States v. Legree*,
  205 F.3d 724 (4th Cir. 2000)...................................................*passim*

*United States v. Martin*,
  916 F.3d 389 (4th Cir. 2019)..........................................15, 16, 17

*United States v. McKenzie*,
  318 F. App'x 202 (4th Cir. 2009) ......................................... *passim*

*United States v. Smalls*,
    720 F.3d 193 (4th Cir. 2013) ................................................ *passim*

*United States v. Robinson*,
    627 F.3d 941 (4th Cir. 2010) ....................................................16

*United States v. Tidwell*,
    178 F.3d 946 (7th Cir. 1999) ......................................................9

## STATUTES

18 U.S.C. § 371 ...........................................................................1, 2

18 U.S.C. § 1956(h) ...................................................................1, 2

18 U.S.C. § 3231 ............................................................................1

18 U.S.C. § 3553(a) ...............................................................*passim*

18 U.S.C. § 3582(c)(2) ..........................................................*passim*

18 U.S.C. § 3742(a) ......................................................................1

21 U.S.C. § 846 ........................................................................1, 2

28 U.S.C. § 1291 ..........................................................................1

## OTHER AUTHORITIES

F. R. Civ. P. 11(c)(1)(C) .......................................................1, 2, 3

U.S.S.G. § 1B1.10 ...............................................................7, 8, 10

U.S.S.G. § 2D1.1 ..........................................................................2

U.S.S.G. § 2S1.1 ..........................................................................2

U.S.S.G. § 2T1.1 ..........................................................................3

U.S.S.G. § 3B1.1 .......................................................................2, 3

iii

U.S.S.G. § 3E1.1 ..................................................................................................3

## STATEMENT OF THE CASE AND STATEMENT OF JURISDICTION

On April 27, 2011, a federal grand jury returned a superseding indictment charging the defendant with: (1) conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846; (2) conspiracy to launder money, in violation of 18 U.S.C. § 1956(h); and (3) conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.   JA 9-10.   These charges stemmed from the defendant's possession and distribution of more than 30 kilograms of heroin, which netted him more than $1 million.   JA 25.   The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231

On November 23, 2011, the defendant pled guilty to all counts pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) in which the parties all agreed to recommend a sentence of 240 months.   JA 21-27.   On January 20, 2012, the defendant was sentenced to 240 months.   JA 61.

On May 15, 2019, the defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c).   JA 16.   On July 19, 2019, the district court entered an order denying Blackwell's motion for reduced sentence.   JA 88.   Blackwell timely filed a notice of appeal on July 31, 2019.   JA 8. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

Whether the district court properly exercised its discretion by denying defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) where it considered the full scope of record, particularly the circumstances agreed on by the parties at the time of the conviction, and viewed everything through the lens of the relevant sentencing factors in its ruling.

## STATEMENT OF FACTS

### 1.   Original Sentencing

Steven Blackwell was charged in a three-count superseding indictment with: (1) Conspiracy to Distribute and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 846; (2) Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h); and (3) Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371.   JA 3.   On November 23, 2011, Blackwell pled guilty pursuant to Federal Rule of Civil Procedure 11(c)(1)(C) to all three counts.   JA 6.

Blackwell's plea agreement noted that the base offense level for Count One under § 2D1.1(c)(3) as 38 based on the 30 kilograms of heroin distributed throughout the conspiracy.   JA 26-27.   An upward adjustment of four levels was added under § 3B1.1(b), resulting in an offense level of 42.   JA 26-27.   For Count Two, the offense level was also 42; the base offense level was 38 under § 2S1.1(a)(1) for the monies laundered being the proceeds of the sale of narcotic drugs from Count One,

2

plus another upward adjustment of four levels under § 3B1.1(b).   JA 27.   For Count Three, the base offense level was 10 under § 2T1.1(a)(2) because the conspiracy involved the impeding, obstruction, or defeating of a tax.   JA 27.   The agreement also allowed for a two- to three-level reduction in Blackwell's offense level for acceptance of responsibility under § 3E1.1.   JA 27.

On January 20, 2012, Blackwell was sentenced to a total of 240 months of imprisonment.   JA 6-7.   At sentencing, the Court adopted the factual findings and advisory guideline applications in the presentence report and sentenced Blackwell, in accordance with the plea agreement, to 240 months for Count One, 240 months for Count Two concurrent with Count One, and 60 months for Count Three concurrent with Counts One and Two.   JA 61.

### 2.    Blackwell's Motion For Reduced Sentence Under 18 U.S.C. § 3582(c)(2)

On May 15, 2019, Blackwell filed a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) following retroactive application of Amendment 782 to the U.S. Sentencing Guidelines and the Supreme Court's decision in *Hughes v. United States*, 138 S.Ct. 1765 (2018).   JA 16.   Amendment 782 reduced the base offense for drugs by two levels, and *Hughes* established that "a sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement," even if the sentence itself is not within the

guideline range.   *Hughes*, 138 S.Ct. at 1775.   In his motion, Blackwell sought a reduced sentence of 210 months, the lower end of an amended range under offense level 37.   JA 17.

The government agreed that Amendment 782 reduced Blackwell's final offense level to 37, resulting in an amended guidelines range of 210 to 262 months. JA 76.   However, the government opposed relief because, even if Blackwell was eligible for relief, the district court should exercise its discretion and deny any relief based on an analysis of § 3553(a) factors because Blackwell remained a danger to society and presented a serious threat to the safety of the public.   JA 78-80.   In particular, the government's investigation revealed that Blackwell was the kingpin of a drug trafficking organization.   JA 79.   Then, in April 2008, Blackwell's teenage brothers were kidnapped by a rival gang led by Terrell Allen.   JA 79. Thereafter, Blackwell's organization and the rival organization traded shots at each other, with the result that two men associated with Allen's group (including Allen's father) were killed.   JA 79.   In retaliation, Allen's crew engaged a shooting of a cookout being attended by Blackwell, the result of which was 12 people being shot. JA 80.   If this violence immediately before his incarceration were not enough, prison records showed Blackwell was involved in two violent infractions while in prison.   JA 80; JA 68.   Specifically, in July 2015, Blackwell was cited for threatening bodily injury to a prison guard.   JA 68.   Then, in February 2016,

Blackwell was cited again, this time for assaulting (without bodily injury) a prison guard.   JA 68; cf. JA 73 (Blackwell's girlfriend admitting, "[w]hile incarcerated, Mr. Blackwell struggled with authority in the prison . . . .").    For these reasons, the government recommended against a reduction.

On July 18, 2019, the district court denied Blackwell's § 3582(c)(2) motion. JA 88.    Blackwell timely filed a notice of appeal.

## SUMMARY OF ARGUMENT

A sentence reduction under 18 U.S.C. § 3582(c)(2) is discretionary, and the district court is presumed to have considered relevant sentencing factors in reaching its decision.  *United States v. Legree*, 205 F.3d 724, 729-30 (4th Cir. 2000).   Mere eligibility for a sentencing reduction does not entitle a petitioner to a reduced term of imprisonment as a matter of right.  *Dillon v. United States*, 560 U.S. 817, 828 (2010).   Mere presentation of mitigating circumstances in a § 3582 motion does not require the district judge to provide an individualized explanation of all factors in support of its decision.  *United States v. Smalls*, 720 F.3d 193, 196 (4th Cir. 2013).

Here, the district court did not abuse its discretion when it denied Blackwell's requested § 3582(c)(2) sentence reduction. A court need not engage in a ritualistic incantation of every individualized factor brought to its attention in order to support its consideration of a § 3582 motion.  *Legree*, 205 F.3d at 728.   Rather, the district judge is presumed to have considered the factors raised in a defendant's motion; that

presumption is implicit in the court's ultimate ruling. *Id.* Moreover, the Supreme Court recently re-confirmed that sentence modification motions do not require plenary resentencing proceedings, and may be affirmed where the record as a whole makes clear that the district court had before it the relevant information, considered it, and made a determination. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018). Consistent with this standard, the court here provided an explanation of its ruling and expressly stated that it had "[viewed] all of this through the lens of the § 3553(a) factors." JA 88. More was not required. This Court should affirm.

STANDARD OF REVIEW

This Court reviews the district court's decision to reduce a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *Smalls*, 720 F.3d at 195.

ARGUMENT

**THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING BLACKWELL RELIEF UNDER 18 U.S.C. § 3582(c)(2).**

**I.     A sentence reduction under § 3582(c)(2) is discretionary, and the district court is presumed to have considered relevant sentencing factors in reaching its decision.**

Generally, a Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(2) provides an exception to this general rule in cases where a defendant "has been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing Commission."

6

*Id.* In such cases, § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 821.

In *Dillon*, the Supreme Court promulgated a two-step inquiry for determining whether, and to what extent, a reduction is permissible under § 3582(c)(2). *Dillon*, 560 U.S. at 826. At step one, § 3582(c)(2) "requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827; U.S.S.G. § 1B1.10(a)(1).

Mere eligibility for a sentencing reduction, however, "does not authorize a reduction in any other component of the sentence, and does not entitle a petitioner to a reduced term of imprisonment as a matter of right." *Dillon*, 560 U.S. at 828. Instead, the Court must proceed to the second step of the *Dillon* inquiry and "consider any applicable § 3553(a) factors and determine whether, *in its discretion*, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[1] *Id.* at 827 (emphasis added).

---

[1] This standard differs from that which is applied to an original sentencing proceeding in that, due to the limited scope and purpose of § 3582(c)(2), these

The court *may* also consider a defendant's post-sentencing conduct. U.S.S.G. § 1B1.10(a)(1), comment. n.1 (B)(iii).   Stated differently, a district court is given the discretion to deny or to grant a sentencing reduction, and the court has no obligation to reduce a defendant's sentence at all.   The court also has the discretion to consider post-sentencing conduct or not.   (While Appellant cites *Pepper v. United States*, 562 U.S. 476 (2011) for the proposition that post-sentencing conduct must be considered, that is incorrect.   562 U.S. at 481 (holding that "a district court at resentencing *may* consider evidence of the defendant's postsentencing rehabilitation") (emphasis added); *id.* at 505 n.17 ("Of course, we do not mean to imply that a district court must reduce a defendant's sentence upon any showing of postsentencing rehabilitation.").   And in any event, it should be noted that the Supreme Court's decision in *Pepper* involved a defendant on direct appeal whose post-sentencing rehabilitation was described as "exemplary." *Pepper*, 562 U.S. at 492.   Petitioner's conduct can hardly be described as exemplary; he had two violent infractions involving the personal safety of prison guards.   JA 68; *cf.* JA 73.)

---

proceedings do not implicate constitutional interests, such as the Sixth Amendment right to a jury trial identified in *United States v. Booker*, 543 U.S. 220 (2005). *Dillon*, 560 U.S. at 828. Nor are § 3582(c)(2) proceedings akin to plenary resentencing proceedings.   *Id.* at 827.

The Supreme Court held in *Dillon* that "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826. Nor is a motion pursuant to § 3582(c) "'a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)).

This Court held in *Legree* that a district court need not engage in a "ritualistic incantation" of facts and sentencing factors in order to demonstrate it properly considered the motion. *Legree*, 205 F.3d at 728. Rather, there is a presumption that the district judge has sufficiently considered relevant factors in deciding a § 3582(c)(2) motion, absent a contrary indication.[2] *Id.* at 729-30.

Moreover, the district court is presumed to have considered all factors when it has ruled on "'issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.'" *Legree*, 205 F.3d at 728

---

[2] Because of the limited nature of the proceedings, "Section 3582 determinations are not subject to the same kind of scrutiny [by an appellate court] as imposition of an original sentence." *United States v. Jackson*, 410 F. App'x 706, 709 (4th Cir. 2011) (unpublished).

9

(quoting *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995)). This Court found that "[t]o hold otherwise would transform this aspect of sentencing into a 'hyper-technical exercise devoid of common sense.'" *Id.* at 729. Thus, if there is no evidence that a court "neglected to consider relevant factors, the court does not err in failing to provide a full explanation for its § 3582(c)(2) decision." *Smalls*, 720 F.3d at 196.

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a reduction is warranted and the extent of such reduction. U.S.S.G. § 1B1.10, cmt. n.1 (B)(i). Section 3553(a) provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes described in § 3553(a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correction treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)(A)-(D). In imposing the sentence, the court shall consider *inter alia* "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

10

Against this background, and given these presumptions, this Court should affirm. The record is clear that the district judge had before him all the relevant information, including the parties' submissions. JA 88. While the defendant cited his eligibility for relief and his conduct in prison, the government pointed to the defendant's violent conduct which landed him in prison, and his continued violence while in prison. On this score, there was no dispute of facts for the court to resolve; it simply had to exercise its discretion on whether to grant the motion or not. It exercised its discretion to deny the motion. JA 88. As the Supreme Court noted in *Chavez*, in this kind of case, "there was not much else for the judge to say." 139 S. Ct. 1967.

And nothing in the opening brief demonstrates otherwise. Blackwell misplaces his argument from the beginning by focusing on the fact that the district court was required to consider any applicable § 3553 sentencing factors, appearing to suggest that it did not. App. Br. 14. The district court's order in no way suggests that the district judge did not consider these factors. The order explicitly states that the court considered the "full scope of the record . . . viewing all of this through the lens of the § 3553(a) factors." JA 88.

Blackwell also makes much of the fact that the petitioners in *Legree* and *Smalls* did not present additional mitigating evidence in their § 3582 motions, suggesting that it was upon the absence of such evidence that this Court's decisions

11

in *Legree* and *Smalls* turned.   App. Br. 16.   On the contrary, mitigating evidence alone is insufficient to rebut the presumption that the district judge considered the relevant sentencing factors.   *See Legree*, 205 F.3d at 728-29.   The lack thereof was but one of the factors this Court relied on in *Legree*.   Rather, this Court affirmed the district judge's denial of a sentence reduction because "the matter was adequately presented to the district judge," despite the lack of additional mitigating circumstances.   *Id.* at 729.

Similarly, this Court also found that the issues were fully presented in *Smalls*,[3] even though the district judge ruled on the § 3582 motion before Smalls filed a reply brief, and even though he "maintain[ed] he would have submitted evidence of his exemplary post-sentencing conduct."   *Smalls*, 720 F.3d at 197.   This Court held that Smalls had not overcome the *Legree* presumption; while Smalls' failure to set forth new mitigating circumstances was noted, it was but one of many factors considered by this Court. *Id.* at 196-97.

Neither *Legree* nor *Smalls* support Blackwell's proposition that mere presentation of additional mitigating circumstances in a § 3582 motion requires the district judge to provide an individualized explanation for why it chose to deny the

---

[3]  Like the *Legree* court, the court in *Smalls* observed that "the district court did not fail to consider all relevant factors properly before it" in response to the petitioner's contention to the contrary.   *Smalls*, 720 F.3d at 197.

12

defendant's sentencing reduction motion.    Indeed, the defendant Chavez highlighted "various educational courses he had taken in prison," and yet the Supreme Court held the district court's scant explanation was not insufficient.    139 S. Ct. at 1967.   In this way, while an appellant who fails to set forth new mitigating factors arguably weakens his case, it does not follow that an appellant who does set forth new factors thereby overcomes the *Legree* presumption, or that it entitles him to an individualized memorandum by the district court memorializing in a litany each of the 3553(a) factors presented. As such, Blackwell is simply wrong to claim his averment to his in-prison conduct entitles him to a more express record from the district court than he received.

Blackwell also cites to *United States v. Hardy*, 665 F. App'x 268, 272 (4th Cir. 2016), claiming that Hardy observed that "evidence of mitigating factors not available at the original sentencing has indeed been used to rebut the *Legree* presumption."   App. Br. 16 (citing *Hardy*, 665 F. App'x at 272).   Blackwell misconstrues *Hardy's* holding, however, and would have this Court believe that simply raising additional arguments in contrast to *Legree* and *Smalls* is sufficient to rebut the *Legree* presumption.

That Hardy "presented plausible arguments," *Hardy*, 665 F. App'x at 272, was not enough, alone, to overcome the *Legree* presumption.   *See Legree*, 205 F.3d at 728; *Smalls*, 720 F.3d at 196.   Rather, the most glaring evidence that the court in

13

*Hardy* failed to consider relevant factors was a factual error by the district judge. Indeed, this Court, in finding that the district court's failure to acknowledge the petitioner's arguments was *factual error*, stated: "because the district court did not acknowledge these arguments and, in fact, stated that no such arguments had been made, the district court either overlooked Hardy's filing or made a mistake of fact in reading it." *Id.* *Hardy* clearly does not support Blackwell's position here given that the district court expressly acknowledged the arguments before it and ruled based on the relevant factors.

In addition, Blackwell cites to *United States v. McKenzie*, 318 F. App'x 202 (4th Cir. 2009). This case likewise does not help the defendant because in that case, this Court found an abuse of discretion "under the specific facts of this case," only because multiple factors overcame the presumption that the court properly considered the motion. *McKenzie*, 318 F. App'x at 203. The first, and most substantial, factor was that both the government and the petitioner had "jointly recommended a sentence over five years[4] shorter than the one McKenzie received." *McKenzie*, 318 F. App'x at 203. This Court also noted that the district judge may not have reviewed the sentencing transcript, because it was not included in the record

---

[4] The Court's arithmetic was slightly off, however, as the difference between McKenzie's 210-month requested sentence and 262-month amended sentence was actually four and one-third years.

14

on appeal, which called into question the district judge's familiarity with the case.

*Id*. at 204.

In fact, *Smalls* expressly rejected precedent applying the same facts as

*McKenzie*:

> Smalls suggests that his case resembles not *Legree*, but another case in which the defendant and the government jointly recommended a sentence reduction and the district court refused to adopt that agreed-upon reduction or explain its refusal to do so.  Even assuming such facts suffice to rebut the *Legree* presumption, in Smalls' case the Government never agreed to the extent of the reduction he requested. Rather, the Government requested a reduction only to the top of the amended guideline range, and the district court granted that request.

*Smalls*, 720 F.3d at 197. Thus, *McKenzie* is materially distinguishable from *Legree*

and *Smalls*, as well as from the instant case.

Blackwell also refers to *United States v. Martin*, 916 F.3d 389 (4th Cir. 2019),

as factually comparable to Blackwell's "redemptive measures" and "rehabilitative

efforts."[5]  App. Br. 20-21.   But *Martin* differs from this case in a number of

---

[5]  Blackwell alleges that he has "received **rave reviews** from his Bureau of Prisons case managers and counselors who described him as a **model inmate**," but cites no document in the record to support this claim. App. Br. 12. Nor does any record evidence support it. At most, Blackwell's BOP progress report states "Mr. Blackwell follows the rules and regulation of the institution. He is being transferred to an institution with lower security." JA 67-69. Merely following the rules, however, does not make one a model inmate, and this certainly does not rise to the level of "exemplary." *See Pepper*, 562 U.S. at 492.   Indeed, it can be surmised that Blackwell did not receive "rave reviews" from the two prison guards he assaulted in 2015 and 2016, respectively.   JA 68.

respects:   (1) Martin was serving a life sentence; (2) both Martin and Mangual were

over the age of 70 when their appeals were being considered; (3) both Martin and

Mangual were nonviolent with respect to their offenses and criminal histories; and

(4) both defendants in *Martin* had limited to nonexistent disciplinary records.

Blackwell, on the other hand: (1) is not serving a life sentence; (2) is still a young

man – with no history of employment – and therefore is more likely to recidivate;[6]

(3) was linked to significant violence following the gang wars tipped off by the

abduction of his brothers, JA 79-80; and (4) has two violent infractions that occurred

in prison in recent years.   In particular, Blackwell's infractions were for "assaulting

without serious injury" and "threatening bodily harm" toward a prison staff member.

JA 68.   Blackwell has only been incarcerated since 2010.   JA 65.   It is also

important to note that, even though Blackwell was not charged with any acts of

violence, he is known for his violent acts within Baltimore.   JA 79-80. [7]   Blackwell

has failed to demonstrate, then, that he has in any way overcome this behavior

---

[6]  The presentence report indicates that Blackwell was born in 1984, and is therefore
now approximately 35 years old (JA 89), and that he "has no employment history."
JA 99.

[7]  Additionally, this Court has recognized the "high risk" of violence that comes with
any drug trafficking, *United States v. Robinson*, 627 F.3d 941, 956 (4th Cir. 2010),
which holds particular applicability here given the quantities with which Blackwell
was dealing and the fact that he took on a leadership role for the duration of the
conspiracy.

throughout his incarceration.  *Cf.* JA 73.  Instead, his violent behavior appears to have continued, and requires further rehabilitation.  Blackwell lacks respect for the law, remains a danger to society, and presents a serious threat to the safety of the public.  This sets him apart from the *Martin* defendants.

Moreover, in *Martin* the government conceded that one defendant's post-sentencing behavior was "among the best that it ha[d] seen."  *Id.* at 396-98.  By contrast, Blackwell's 2015 and 2016 infractions fail to demonstrate that he has been successfully rehabilitated and therefore, he should not be given the benefit of a sentence reduction.   Further, the fully developed record of Blackwell's case allowed the district court to take into consideration any alleged "redemptive measures" and "rehabilitative efforts" and weigh them against the circumstances surrounding Blackwell's re-arraignment and sentencing. Blackwell's sentence affords specific and general deterrence to future criminal conduct and the district court's sentence should remain undisturbed.   In this way, the district court expressly considered the proper § 3553(a) factors, and made a determination in the exercise of its discretion. The law required no more.   This Court should affirm.

## II.     The district court did not abuse its discretion when it denied Blackwell's § 3582(c)(2) sentence reduction.

As discussed above, the district court *is presumed* to have sufficiently considered sentencing factors in deciding a § 3582(c)(2) motion, absent a contrary indication, where issues have been fully presented for determination. *Legree*, 205

F.3d at 728-30.  Like *Legree* and *Smalls*, there is no evidence here that the district court neglected to consider the relevant factors.

The case law is clear that "absent a contrary indication, it is presumed that the district court has considered the § 3553(a) factors and other 'issues that have been fully presented for determination.'"  *United States v. Cooper*, No. 15-7678, 2017 WL 437698, at *1 (4th Cir. Feb. 1, 2017) (quoting *Legree*, 205 F.3d at 728-29). Further, "in the absence of evidence a court neglected to consider relevant factors, the court does not err in failing to provide a full explanation for its § 3582(c)(2) decision."  *Smalls*, 720 F.3d at 196.

In Blackwell's case, the district court's order denying the reduction explicitly acknowledged that it viewed "the full scope of the record . . . through the lens of the § 3553(a) factors."  JA 88.  The court explained that it denied the motion after "[e]xercising its discretion, and in consideration of the full scope of the record, particularly the circumstances agreed by the parties at the time of the conviction." *Id.*   Therefore, there is no need to merely "presume" that the district court considered the § 3553(a) factors; rather, the record makes clear that the district court examined the entire record "*through the lens of*" the § 3553(a) factors.   *Id.*

Moreover, the district court is not required to "engage in a 'ritualistic incantation' in order to establish its consideration of the motion."  *McKenzie*, 318 F. App'x at 203 (quoting *Legree*, 205 F.3d at 728-29).  Nevertheless, Blackwell

asks this Court to order the district court to do just that. Blackwell lists all of the reasons why he should be granted relief including having been placed in a minimum-security facility, receiving positive reviews from Bureau of Prison counselors, having a family network, and earning a GED. App. Br. 12. In turn, he asks the district court to explain why his arguments were unavailing. *Id.* In particular, he claims that the district judge failed to articulate what the "circumstances agreed by the parties at the time of conviction" were, and that the district judge could not have had knowledge of the case. *Id.* at 13. Blackwell seems to have forgotten that the district judge had the full record in front of him, including a transcript of the re-arraignment hearing, to use in considering Blackwell's motion, and that the circumstances agreed by the parties at the time of Blackwell's conviction are neatly laid out in Blackwell's signed plea agreement, which is also a part of the record. *Legree* explicitly disavowed the approach of conducting a step-by-step analysis through the sentencing factors and provided that "[c]onsideration is implicit in the court's ultimate ruling." 205 F.3d at 728 (quoting *Davis,* 53 F.3d at 642).

In *McKenzie,* the parties agreed to a reduced sentence but the district court rejected the parties' recommendation. 318 F. App'x. at 203. Instead, the district court granted a partial reduction and "provided no insight into its thought process as to the appropriate reduction." *Id.* This Court found that had the district court denied the motion outright, "[o]ne could logically conclude from the decision in

*Legree* that the reasons underlying the original sentence remained in the district court's reasoning." *Id.* In Blackwell's case, there was no agreement between the parties and the district court denied relief outright. Therefore, the circumstances in *McKenzie* are incompatible with Blackwell's case.

Blackwell contends that his sentence was an "odd agreement" that the parties came to because the applicable guideline range for his offense level was 262 to 327 months, but his sentence was for 240 months. App. Br. 10. This agreement was based on the Sentencing Guidelines and agreed to between the parties on the basis that Blackwell would make "apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct." JA 27. The agreement was a compromise between the parties. While the defendant tries to make much of the fact that he was not expressly charged with any of the violent acts associated with his feud with the Allen DTO, it is entirely within the discretion of the government to choose which charges will form the basis of an indictment and plea.

Further, since Blackwell has continued to receive infractions for violent behavior while incarcerated, a sentence reduction is not warranted. The district court explicitly took all of this into consideration when it denied Blackwell's motion for a sentence reduction "in consideration of the full scope of the record, particularly the circumstances agreed by the parties at the time of the conviction." JA 88.

20

Simply because the government agreed to a sentence less than that provided in the applicable guideline range does not indicate that Blackwell is eligible for a sentence reduction now, and the fact that Blackwell's current sentence falls within this amended guidelines range demonstrates that Blackwell's sentence is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

As a result, based on the standards required by *Legree* and *Smalls*, which require considerably less than what is normally required at a full sentencing, the district court more than satisfied the applicable standards. Blackwell's sentence should be affirmed.

## CONCLUSION

For the reasons stated, this Court should affirm the judgments imposed by the district court.

Respectfully submitted,

Robert K. Hur
United States Attorney


 /s/
_____
Ellen Nazmy
Special Assistant U.S. Attorney
United States Attorney's Office
6406 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
(301) 344-4433

October 15, 2019

21

## STATEMENT WITH RESPECT TO ORAL ARGUMENT

The United States respectfully suggests that oral argument is not necessary in this case. The legal issues are not novel, and oral argument likely would not aid the Court in reaching its decision.

# CERTIFICATE OF COMPLIANCE

1.      This brief has been prepared using:

**Microsoft Word, Times New Roman, 14 Point**

2.      EXCLUSIVE of the corporate disclosure statement; table of contents; table

of citations; statement with respect to oral argument; any addendum

containing statutes, rules, or regulations, and the certificate of service, the

brief contains 5,045 words.

I understand that a material misrepresentation can result in the Court's

striking the brief and imposing sanctions. If the Court so directs, I will provide an

electronic version of the brief and/or a copy of the word or line print-out.


/s/_____
Ellen Nazmy
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of October, 2019, I electronically

filed the foregoing with the Clerk of Court using the CM/ECF System, which will

send notice of such filing to the following registered CM/ECF user:

> Sapna Mirchandani, Esq.
> Office of the Federal Public Defender
> 6411 Ivy Lane, Suite 710
> Greenbelt, Maryland 20770
> (301) 344-0600


> /s/_____
> Ellen Nazmy
> Special Assistant United States Attorney