**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7114

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

STEVEN BLACKWELL,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:10-cr-00493-JKB-1)

Submitted: January 9, 2020             Decided: January 16, 2020

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Ellen Nazmy, Special Assistant United States Attorney, Lauren Konczos, Volunteer Student Law Clerk, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Blackwell appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2018) motion for a sentence reduction based on Sentencing Guidelines Amendment 782. On appeal, Blackwell primarily challenges the sufficiency of the district court's explanation. For the reasons that follow, we vacate and remand.

"[A] sentence modification is not a plenary resentencing proceeding," *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019) (internal quotation marks omitted), and, "absent a contrary indication, we presume a district court deciding a § 3582(c)(2) motion has considered the 18 U.S.C. § 3553(a) [(2018)] factors and other pertinent matters before it," *United States v. Smalls*, 720 F.3d 193, 195-96 (4th Cir. 2013) (internal quotation marks omitted) (citing *United States v. Legree*, 205 F.3d 724, 728-29 (4th Cir. 2000)). However, a defendant may use mitigating evidence to rebut this presumption, *Martin*, 916 F.3d at 396, at which point the district court must then provide the defendant with an individualized explanation for its resolution of the motion, *id.* at 397. And while the issue of a defendant's entitlement to a sentence reduction remains committed to the district court's sound discretion, *see id.* at 395, "a district court cannot ignore a host of mitigation evidence and summarily deny a motion to reduce a sentence and leave both the defendant and the appellate court in the dark as to the reasons for its decision," *id.* at 398. Whether the district court was required to provide an individualized explanation for its § 3582(c)(2) decision is a question of law we review de novo. *Id.* at 395.

Here, Blackwell argued that he deserved a sentence reduction in view of the substantial progress he had made during his incarceration, including earning his GED,

2

moving down to the lowest security classification, serving as an orderly in the prison's recreational facility, and receiving positive reviews from his case manager and prison counselor.  In opposition, the Government asserted that Blackwell, who stood convicted of three nominally nonviolent conspiracies, involved himself in several episodes of serious, gang-related violence prior to his arrest.  In reply, Blackwell maintained that such allegations—taken from various media reports—were outside the scope of the factual narrative to which the parties agreed during the underlying plea proceedings.  In a summary order, the district court denied the motion, noting its "consideration of the full scope of the record, particularly the circumstances agreed by the parties at the time of the conviction."  (J.A.[1] 88).

We conclude that Blackwell's submission of several pieces of post-sentencing mitigation evidence adequately rebutted the so-called *Legree* presumption, thus requiring the district court to provide an individualized explanation for its denial of the § 3582(c)(2) motion.[2]  Furthermore, exercising our broad discretion when reviewing § 3582(c)(2) orders, *Martin*, 916 F.3d at 398, we observe other deficiencies in the court's order that warrant clarification on remand.  First, we are unable to discern what the court meant when alluding to the "circumstances agreed by the parties at the time of the conviction."  (J.A.

---

[1] Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

[2] We note that the Government has disputed some of Blackwell's evidence, thereby providing additional reason for the district court to explain its decision.  *See Martin*, 916 F.3d at 396 (indicating that motion's complexity weighs in favor of individualized explanation).

3

88).  Insofar as the court intended to refer to the factual findings laid out in the presentence report and adopted at sentencing, we note that a mere "recitation of [the defendant's] original criminal behavior . . . is not the standard . . . for sentence-reduction motions." *Martin*, 916 F.3d at 397.  In addition, the court's summary order leaves unanswered whether the court credited the media accounts of Blackwell's violent past and, if so, whether reliance on such evidence was permissible.

Accordingly, we vacate the district court's order and remand so that the district court can provide "a more robust and detailed explanation for why it denied [Blackwell's] motion to reduce." *Id.* at 396.  We of course express no view on the merits of that motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*